UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEWART,

                      Plaintiff,

        -against-

WELLS FARGO HOME, INC.,

                      Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-1043 (AMD) (RLM)

**ANN M. DONNELLY,** United States District Judge:

On February 17, 2018, the plaintiff commenced this action alleging that the defendant violated Section 1692g of the Fair Debt Collection Practices Act (FDCPA), Section 349 of the New York General Business Law, and Section 601 of the New York Fair Debt Collection Practices Act (NYFDCPA) by "knowingly contacting" him while he was represented by counsel. (ECF No. 1 ¶ 1.) On June 14, 2018, the defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 9-1.)[1] For the reasons that follow, I deny the defendant's motion to dismiss the plaintiff's FDCPA claim and grant the motion to dismiss the plaintiff's remaining claims.

### BACKGROUND[2]

Sometime prior to April 26, 2016, the plaintiff retained Aronow Law P.C. for "loss mitigation services" in connection with the mortgage he entered for his home. (ECF No. 1-1 at

---

[1] I gave the plaintiff five opportunities to respond to the defendant's motion and advised him that I would consider the motion fully briefed if he did not file a response. Though the plaintiff's attorney was in communication with the Court about other matters, he did not file an opposition. I therefore deem the motion fully submitted.

[2] For purposes of this motion, I accept as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012). In his complaint, the plaintiff relies on notices the defendant sent him and

1

4.) Wells Fargo Home Mortgage, doing business as America's Servicing Company ("ASC"), was the servicer of the plaintiff's loan. (ECF No. 1-1 at 7-10.) On April 26, 2016, the plaintiff sent ASC a "Letter of Authority for Third Party Authorization," authorizing them to share his personal and financial information with Aronow Law. (ECF No. 1-1 at 4.) On May 6, 2016, the Aronow Law firm faxed ASC a notice that they represented the plaintiff, and requested that ASC consider modifying the plaintiff's loan. (ECF No. 1-1 at 2.)

Instead of replying to Aronow Law, ASC sent two letters to what appears to be the plaintiff's home address. In the June 15, 2016 letter, ASC warned the plaintiff that his loan would be accelerated if he did not cure the default on his mortgage by July 20, 2016. (ECF No. 1-1 at 9.) On November 29, 2016, ASC sent the plaintiff a letter, on ASC letterhead, with the subject line, "Request for consideration for the America's Servicing Company Unemployment Program for the account [redacted]." (ECF No. 1-1 at 7.) The bottom of the letter reads: "Wells Fargo Home Mortgage, doing business as America's Servicing Company, is a division of Wells Fargo Bank, N.A." (*Id.* at 8.) The bottom paragraphs of both the June and November 2016 letters read: "Where appropriate, America's Servicing Company is required to inform you that, as your account servicer, we are attempting to collect a debt and any information obtained will be used for that purpose." (ECF No. 1-1 at 8, 10.)

After November 2016, the defendant sent the plaintiff letters on its own letterhead, rather than ASC's letterhead. On March 15, 2017, and April 25, 2017, the defendant sent the plaintiff letters requesting documents in connection with the plaintiff's "request for mortgage assistance."

---

attaches them as exhibits. Accordingly, I consider them in deciding this motion. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991); *Williams v. Time Warner Inc.*, 440 F. App'x 7, 9 (2d Cir. 2011); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

(ECF No. 1-1 at 19, 21.) On July 28, 2017, the defendant informed the plaintiff by letter that they had "received an inquiry from Aronow Law P.C. about this account," and that any further communication would be through legal counsel. (ECF No. 1-1 at 5.) The defendant sent the plaintiff another letter on August 11, 2017, informing him that his mortgage payments were past due. (ECF No. 1-1 at 22.)

The plaintiff claims, based on the communication history outlined above, that the defendant engaged in "deceptive collection practices" by communicating with him instead of his attorney. (ECF No. 1 ¶¶ 17-21.) He asserts three claims: 1) under FDCPA § 1692c, based on the defendant's letters to him, when he was represented by counsel; 2) under New York General Business Law § 349, for "deceptive behavior;" and 3) under NYFDCPA § 601, for engaging in oppressive, harassing, or abusive conduct. (ECF No. 1 ¶¶ 22-33.) The plaintiff asks for a declaratory judgment that the defendant violated the FDCPA, pecuniary damages for "fuel costs in driving to attorney's office," non-pecuniary damages for "anxiety, frustration and threat to the financial well-being of his family, amongst other things," statutory damages under the FDCPA, and attorney's fees and costs. (ECF No. 1 ¶ 17, 32-34.)

The defendant moves to dismiss the complaint for failure to state a claim. The defendant argues that the FDCPA does not apply to Wells Fargo because it is not a debt collector, that the plaintiff does not state a claim under New York General Business Law § 349, and that there is no private right of action under NYFDCPA § 601.

## DISCUSSION

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hogan v. Fischer*, 738

F.3d 509, 514 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft*, 556 U.S. at 678). Although the pleading standard does not require "detailed factual allegations," it demands "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

*FDCPA Claim*

The FDCPA was enacted to "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C.A. § 1692(e). A "debt collector" includes "any person who uses any instrumentality of interstate commerce... the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Section 1692c prohibits a "debt collector" from communicating with a consumer "in connection with the collection of any debt," "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C.A. § 1692c(a)(2).

The defendant argues that it was a mortgage servicer acting as an agent of the lender, not a "debt collector" for purposes of the FDCPA. (ECF No. 9-1 at 10-11.)[3] The plaintiff's position, as alleged in the complaint, is that the defendant is a "debt collector" and its "principal

---

[3] In support of its argument, the defendant submitted a declaration that attaches multiple documents, including one that appears to be a loan modification agreement between the plaintiff and the defendant. (ECF Nos. 9-2, 9.3.) The plaintiff did not rely on these documents in drafting the complaint, so I cannot consider them on a motion to dismiss. *See Chambers*, 282 F.3d at 153; *Cortec*, 949 F.2d at 47-48; *Williams*, 440 F. App'x at 9.

4

purpose... is the collection of debts," and that the defendant contacted him instead of his lawyer, even though the defendant had notice that the plaintiff was represented by counsel. (*See* ECF No. 1 ¶¶ 5-7, 22-25.) The defendant asserted in its letters to the plaintiff that it was "attempting to collect a debt and any information obtained will be used for that purpose." (ECF No. 1-1 at 8, 10.) This is a sufficient to establish a prima facie violation of Section 1692c(a)(2). *See Divella v. Empire Credit & Collection, Inc.*, No. 15-CV-6709, 2017 WL 1078564, at *1-2 (E.D.N.Y. Feb. 21, 2017) (awarding statutory damages because defendant "contacted both Plaintiff and Plaintiff's employer despite being told that plaintiff was represented by counsel and given counsel's contact information"); *cf. Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005) (complaint failed to state a claim against Citibank because plaintiff did not dispute that Citibank is a creditor and "the FDCPA expressly limits its application to debt collectors, not creditors.").[4]

The defendant's additional argument — that its communications to the plaintiff were not sent "in connection with the collection of any debt" — is refuted by the June 15, 2016 letter from ASC, which threatened to accelerate the plaintiff's loan if the plaintiff did not make payments on his debt. (ECF No. 1-1 at 9.) Moreover, the June and November 2016 letters

---

[4] The defendant cites cases in which the plaintiff did not sufficiently allege that the defendant was a debt collector. *See, e.g., Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) ("However, the amended complaint does not allege that CitiMortgage acquired Roth's debt after it was in default and so fails to plausibly allege that CitiMortgage qualifies as a debt collector under FDCPA."); *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 94 (E.D.N.Y. 2013) ("Here, while the Plaintiff asserts that the Defendant 'regularly engages in the collection of debts allegedly owed by consumers through correspondence and telephone calls,' the Plaintiff does not assert that the collection of debts is the principal purpose of the Defendant's business, as required by the FDCPA's definition of 'debt collector.'"); *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 530 (S.D.N.Y. 2008) ("Plaintiff's Amended Complaint does not allege facts indicating that either defendant was a 'debt collector' subject to the FDCPA, as is necessary to state a claim against Defendants."). This case is distinguishable; the plaintiff alleges that Wells Fargo is a debt collector, and attaches letters from the defendant that include language that Wells Fargo was attempting to collect a debt after the plaintiff defaulted on his mortgage.

specifically say, "[W]e are attempting to collect a debt," and the defendant's August 11, 2017, letter says the plaintiff's mortgage payments were past due and mentions "options to avoid a foreclosure sale." (ECF No. 1-1 at 8,10,22.) It may be that the defendant's letters were also related to a "loan modification application," but the communication history as whole demonstrates that the defendant sent these letters in connection with its efforts to collect a debt.

*New York General Business Law Claim*

Section 349 of the New York General Business Law makes it unlawful to commit "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service...." N.Y. Gen. Bus. Law § 349. Section 349 permits the New York State Attorney General to enforce the law, and also provides for private rights of action for injunctive relief, damages, and attorney's fees. *Winslow v. Forster & Garbus, LLP*, No. 15-CV-2996, 2017 WL 6375744, at *8-9 (E.D.N.Y. Dec. 13, 2017) (citing *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24 (1995)). To establish a violation under Section 349, the plaintiff must show: (1) that the act or practice was "consumer oriented;" (2) that it was misleading in a material way; and (3) that the plaintiff was injured as a result. *Wilson v. NW Mut. Ins. Co.*, 625 F.3d 54, 64 (2d Cir. 2010); *Martinez v. Lvnv Funding, LLC*, 2016 WL 5719718, at *3 (E.D.N.Y. 2016).

The defendant's practices were "consumer oriented" because their communications with the plaintiff, which appear to be standard letters, could "potentially affect similarly situated consumers." *Wilson*, 625 F.3d at 64 ("consumer-oriented" requirement of § 349 may be satisfied by showing that the conduct at issue "potentially affect[s] similarly situated consumers." (quoting *Oswego Laborers'*, 623 N.Y.S.2d at 25-26)); *Winslow*, 2017 WL 6375744, at *9

6

("consumer oriented" prong satisfied where conduct in complaint was a "normal part of defendants' business," and could "have a broad impact on consumers at large"). However, the complaint does not contain any allegations or facts from which I can conclude that the defendant's practices were "deceptive or misleading in a material way." *See Oswego Laborers'*, 623 N.Y.S.2d at 25-26 (prima facie case requires "a showing that defendant is engaging in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof"); *see also Roth v. CitiMortgage Inc.*, No. 12-CV-2446, 2013 WL 5205775, at *12 (E.D.N.Y. Sept. 11, 2013), *aff'd*, 756 F.3d 178 (2d Cir. 2014) (dismissing § 349 claim because plaintiff "failed to allege that defendant engaged in conduct that was 'misleading in a material respect'"). Even if the defendant deliberately contacted the plaintiff when it had notice that the plaintiff was represented by counsel, its communications and actions were not deceptive or misleading. *See Conboy v. AT & T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001) (Section 349 claims properly dismissed "because a Section 349 violation requires a defendant to mislead the plaintiff in some material way... and plaintiffs have not alleged any type of deception here"). Therefore, the complaint fails to state a cause of action under § 349.

*NYFDCPA Claim*

Finally, the plaintiff's claim under the NYFDCPA must be dismissed because there is no private right of action under Section 601. *See Conboy*, 241 F.3d at 258 ("The New York Court of Appeals has stated unequivocally that Section 601 does not supply a private cause of action.").

## CONCLUSION

The defendant's motion to dismiss is granted in part and denied in part. The plaintiff properly states a claim under the FDCPA, so I deny the defendant's motion to dismiss with respect to that claim. I grant the defendant's motion to dismiss the plaintiff's claims under Section 349 of the New York General Business Law and Section 601 of the NYFDCPA.

**SO ORDERED.**

                                                  s/Ann M. Donnelly
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
        March 12, 2019